IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAREY JAMES BALBOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00757 |
| ) | Judge Sharp/Frensley |
| BELL ATLANTIC MOBILE ) | |
| SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion for Temporary Injunction with Asset Freeze, Appointment of Temporary Receiver." Docket No. 6. Defendant Pinnacle Credit Services, LLC ("Pinnacle") has filed a Response in Opposition. Docket No. 13.

In his Motion, Plaintiff asks the Court to issue a temporary injunction against Defendant Pinnacle. Docket No. 6, p. 1. Specifically, Plaintiff "requests the court freeze Pinnacle Credit Services, LLC's accounts and assets globally and restrict defendant from withdrawing or moving assets to avoid payment upon the court's decision." *Id.* at 2. Plaintiff asks that he not be required to post a bond for the issuance of this injunction, because "for the last 2 years the defendants actions prevented plaintiff from owing [*sic*] any real world assets." *Id.*

Plaintiff also requests that the Court appoint a temporary receiver in order to:

> . . . obviate the threat of destruction of business records, the liquidation of assets, and other non-compliance with any temporary injunction issued, whose costs and expenses are to be borne by the Defendant. Plaintiff also moves that any temporary receiver appointed have the ability to locate any and all assets the Defendants and their "doing business as; i.e. DBA's" aliases used in the course of the business.

*Id.*

As a basis for his Motion, Plaintiff states:

> As grounds for the Plaintiff's motion for a temporary injunction, given the defendants long documented history of fraudulent business practices and no less than 462 publicly documented BBB consumer complains [*sic*] in the last 3 years.

*Id.* at 1.

Defendant Pinnacle responds that Plaintiff has not met the burden necessary to the issuance of a preliminary injunction, which involves consideration of four factors identified by the Court of Appeals for the Sixth Circuit. Docket No. 13, p. 1, *citing In re DeLorean Motor Co.*, 755 F.2d 1223, 1227-28 (6th Cir. 1985) and *Certified Restoration DryCleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). Pinnacle contends that Plaintiff ignores these four factors, and also "cites no authority by which he seeks the appointment of a receiver, nor a basis for obtaining such relief prejudgment with a disputed claim." *Id.* at 1-2.

The Sixth Circuit has established the factors that must be considered by the District Court in determining whether to grant preliminary injunctive relief. *See, e.g.*, *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256 (6th Cir. 1977). Those factors are:

1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

2) Whether the plaintiffs have shown irreparable injury;

3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

4) Whether the public interest would be served by issuing a preliminary injunction.

*Id.* at 261.

In the case at bar, Plaintiff has offered only limited information that might be seen as relating to these factors, including allegations that Defendants have engaged in a documented history of fraudulent business practices and have prevented him from owning assets. Docket No. 6, p. 1-2. More importantly, Plaintiff is requesting a form of relief that is not available to him at this point, because he asks that Pinnacle's assets be frozen solely for the purpose of securing satisfaction of a possible judgment that he might obtain in the future. As this Court recently stated, "That kind of equitable relief has been unavailable to a prejudgment creditor for more than 200 years of American jurisprudence." *Eberhard v. Physicians Choice Lab. Servs., LLC*, No. 3:15-0156, 2016 U.S. Dist. LEXIS 150490, at *7 (M.D. Tenn. Oct. 31, 2016) (Holmes, J.), *citing Adler v. Fenton*, 65 U.S. 407 (1861) and *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 427 U.S. 308, 323 (1999) (a party's unencumbered assets cannot be "frozen by general-creditor claimants before their claims have been vindicated by judgment").

Plaintiff does not assert that he has any lien or other equitable interest that would entitle him to Pinnacle's assets, but rather seeks an injunction "to protect an anticipated, but as of yet uncertain, judgment." *Eberhard*, 2016 U.S. Dist. LEXIS 150490, at *9. Therefore, Plaintiff's request to freeze Pinnacle's assets should be denied.

Regarding Plaintiff's request that the Court appoint a temporary receiver, Plaintiff has not made any showing that such relief is necessary or appropriate at this time. Although Plaintiff refers to "the threat of destruction of business records, the liquidation of assets, and other non-compliance with any temporary injunction issued, whose costs and expenses are to be borne by the Defendant," any such threat of non-compliance with a temporary injunction (of which Plaintiff has not offered any evidence) is inapplicable, as the undersigned does not recommend that the Court issue a temporary injunction.

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Temporary Injunction with Asset Freeze, Appointment of Temporary Receiver" (Docket No. 6) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge