# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAREY JAMES BALBOA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:16-cv-00757<br>)<br>) Judge Sharp |
| BELL ATLANTIC MOBILE SYSTEMS, INC., et al., | ) Magistrate Judge Frensley<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Plaintiff Carey Balboa ("Balboa") filed this action against Defendants Bell Atlantic Mobile Systems, Inc. ("Bell Atlantic") and Pinnacle Credit Services, LLC ("Pinnacle") in state court alleging that Defendants Bell Atlantic and Pinnacle engaged in "wrongful, tortuous [sic], and fraudulent acts and omissions." (Docket No. 1-2, Compl. at 1, ¶ 1). Defendants removed the suit to this Court, (Docket No. 1), and the Court denied Plaintiff's Motion to Remand, (Docket No. 29).

Plaintiff has filed a "Motion for Temporary Injunction with Asset Freeze, Appointment of Temporary Receiver," (Docket No. 6), to which Defendant Pinnacle has filed a Response in Opposition, (Docket No. 13). In that motion, Plaintiff asks the Court, *inter alia*, to "freeze Pinnacle Credit Services, LLC's accounts and assets globally and restrict defendant from withdrawing or moving assets to avoid payment upon the court's decision[,]" and to appoint a temporary receiver "to obviate the threat of destruction of business records, the liquidation of assets, and other non-compliance with any temporary injunction issued[.]" (Docket No. 6 at 2).

Magistrate Judge Frensley has issued a Report and Recommendation ("R & R"), (Docket No. 32), in which he recommends that Plaintiff's motion be denied. In that R & R, the Court advised Plaintiff that he needed to file any objections within fourteen days of service. Plaintiff has filed no objections, presumably, in part, because this Court's certified mail to Plaintiff containing the R & R was returned as undeliverable. Given that it is Plaintiff's responsibility to keep the Court apprised of updated contact information, the Court views Plaintiff as having filed no objections even if Plaintiff would have done so had he received the R & R via certified mail. Having considered the matter as required by Fed. R. Civ. P. 72, the Court agrees with the recommended disposition.

Hence the R & R, (Docket No. 32), is hereby ACCEPTED and APPROVED and Plaintiff's "Motion for Temporary Injunction with Asset Freeze, Appointment of Temporary Receiver," (Docket No. 6), is DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE