IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAREY JAMES BALBOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00757 |
| ) | Judge Steeh/Frensley |
| BELL ATLANTIC MOBILE SYSTEMS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant Pinnacle Credit Services, LLC's ("Pinnacle") "Motion for Summary Judgment as to All Claims." Docket No. 39. Pinnacle has also filed a Concise Statement of Material Facts (Docket No. 40) and a Supporting Memorandum of Law (Docket No. 41). Plaintiff has not filed a response.

## I. BACKGROUND

Plaintiff filed this case in Davidson County Circuit Court on March 16, 2016, alleging, *inter alia*, that Defendant Bell Atlantic Mobile Systems, Inc., d/b/a/ Verizon Wireless ("Verizon") "reported fraudulently to all major credit bureaus that the plaintiff had opened an account with Verizon . . ." and that "Verizon turned over this debt collection to Pinnacle Credit Services." Docket No. 1-2, p.1. Plaintiff maintains that he never opened an account or had any kind of relationship with Verizon, and that he "could not have opened an account on the alleged date of May 3rd 2010 as that was on the day of one of the greatest flood events in Nashville history." *Id.* at 2. Citing 28 U.S.C. §§ 1332, 1441, and 1446, both Defendants joined to remove

the case to this Court on April 18, 2016. Docket No. 1. Plaintiff moved to remand to state court (Docket No. 4), and that Motion was ultimately denied (Docket No. 29).

## II. LAW AND ANALYSIS

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Pinnacle filed the instant Motion on January 30, 2017. Docket No. 39. Plaintiff has failed to respond to Pinnacle's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 65.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. . . .
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Concise Statement of Material Facts or file his own Concise Statement of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure

to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Although Plaintiff is proceeding pro se (pro se pleadings should be held to less stringent standards, *see, e.g., Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011)), pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Accordingly, there are no genuine issues as to any material fact, and all that remains to be determined is whether Pinnacle is entitled to a judgment as a matter of law.

### B. Motion for Summary Judgment

It would be inappropriate to grant Pinnacle's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Court of Appeals for the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Pinnacle has met its burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106. S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In order to prevail on a motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings; rather, his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.*; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. Undisputed Material Facts

As discussed above, Plaintiff's failure to respond to Pinnacle's Concise Statement of Material Facts (Docket No. 40) indicates that those facts are undisputed for the purposes of summary judgment. Pinnacle states that its Material Facts are drawn from the Requests for Admission that it served upon Plaintiff, and to which Plaintiff never responded. Docket No. 41, p. 2. Pursuant to Fed. R. Civ. P. 36(b), if a party does not answer requests for admission, the

"matter is deemed admitted" unless an objection is made. *See Advocate Capital, Inc. v. Law Office of A. Clark Cone, P.A.*, No. 3:06-0847, 2007 U.S. Dist. LEXIS 44519 at *6-7 (M.D. Tenn. June 19, 2007). Thus, the following facts are deemed admitted and undisputed:

> Plaintiff opened an account with Verizon Wireless.
>
> Plaintiff opened the account on behalf of <u>Carey James Productions</u>.
>
> Plaintiff made telephone calls on the Verizon Wireless account.
>
> Crosstown law wrote Plaintiff on behalf of Pinnacle and requested any evidence that Plaintiff was a victim of identity fraud.
>
> Crosstown Law also asked Plaintiff to provide a police report, a notarized affidavit of fraud or identity theft, or a copy of a filed court order.
>
> Plaintiff did not provide any of the requested information to Pinnacle.

Docket No. 40 (paragraph numbering, references to Pinnacle's requests for admission, and response fields omitted).

## D.  Plaintiff's Claims Against Pinnacle

Plaintiff's Complaint only contains one claim in which Pinnacle is specifically named:

> On 10/1/2013, defendant Verizon reported fraudulently to all major credit bureaus that the plaintiff had opened an account with Verizon on May 3rd 2010. At this time Verizon turned over this debt collection to Pinnacle Credit Services. This wrongful, tortuous act has negatively affected plaintiff's ability to live a normal life.

Docket No. 1-2, p. 1 (paragraph numbering omitted).

As can be seen, this claim does not refer to any act by Pinnacle, but rather only to the alleged actions of Verizon, and therefore cannot be the basis of any judgment against Pinnacle.

Plaintiff's remaining claims are vague, referring to either "Defendant" or "Defendants" without specifying whether it is Pinnacle or Verizon (or both) against whom each claim is brought, and generally alleging that "wrongful, fraudulent, defamatory, and tortuous [*sic*] acts and omissions" have been committed against Plaintiff in an attempt to collect a debt related to a Verizon Wireless account that he maintains he never opened.

Plaintiff contends that:

> The plaintiff has never opened any account or had any kind of business relationship with Verizon and could not have opened an account on the alleged date of May 3rd 2010 as that was on the day of one of the greatest flood events in Nashville history.
>
> Defendants made no attempt to contact the plaintiff to let him know he owed money or to let him know his credit was going to be negatively affected.
>
> Defendant's acts and omissions as aforesaid were fraudulent. Defendant knew that they had no authority to turn the plaintiff over to any collections agency and that they made no attempt to inform the plaintiff of any delinquent account.
>
> Once made aware of any claims of this supposed debt, Plaintiff has represented both verbally and in writing to the defendant claims of fraudulent reporting. Defendant has refused to provide details of where or what account, service or product was fraudulently purchase [*sic*] in the Plaintiff's name and the Defendants have failed and refuse to give any details. Defendants have called, written and continue to attempt to collect these fraudulent debts.
>
> At the time the wrongful, fraudulent, defamatory, and tortuous [*sic*] acts and omissions described herein occurred, defendant knew their representations to be untrue and knew that same would damage plaintiff and damage his reputation and credit scores. Defendant's wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions were intended to injure plaintiff.
>
> . . .
>
> As a direct and proximate result of defendant's wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions,

6

> plaintiff has been damaged in the amount of approximately
> $500,000.00, and additional damages are accruing on a daily basis
> as defendant continues their wrongful, defamatory, fraudulent, and
> tortuous [*sic*] acts and omissions. Further, plaintiff's reputation
> has been and continues to be damaged and as a consequence he has
> suffered and continues to suffer humiliation, embarrassment, and
> other mental damage and is unable to get any kind of loan due to
> his damaged credit.

*Id.* at 2-3 (paragraph numbering omitted).

These claims are all based upon the premise that because Plaintiff never had an account with Verizon, he could not have owed a debt to Verizon, and therefore, Pinnacle wrongfully attempted to collect this supposed debt from him. It is now undisputed that Plaintiff did have an account with Verizon, and that he made telephone calls on this account. It is also undisputed that Pinnacle, rather than making no attempt to contact Plaintiff as he contends, wrote to Plaintiff (via Crosstown Law) and asked him to provide any evidence that he was a victim of fraud or theft, and that Plaintiff did not provide any such information.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, "a Court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Payne v. Sec'y of Treas.*, 73 F.App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her."

Plaintiff's claims are vague as to the cause of action intended and the identity of the defendant or defendants allegedly responsible. Combined with the material facts that are now undisputed due to Plaintiff's failure to respond to either Pinnacle's Requests for Admission or Concise Statement of Material Facts, even viewing the evidence in the light most favorable to Plaintiff, the undersigned concludes that Pinnacle has met its burden of demonstrating the absence of a genuine issue as to a material fact.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Pinnacle's Motion for Summary Judgment (Docket No. 39) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge