# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAREY JAMES BALBOA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00757 |
| ) | Judge Steeh/Frensley |
| BELL ATLANTIC MOBILE SYSTEMS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss Complaint and Alternative Motion for More Definite Statement" filed by Defendant Bell Atlantic Mobile Systems, Inc. (d/b/a Verizon Wireless) ("Verizon"). Docket No. 42. Verizon has also filed a Supporting Memorandum of Law. Docket No. 43. Plaintiff has not filed a response.

## I. BACKGROUND AND FACTUAL ALLEGATIONS

### A. Background

Plaintiff filed this case in Davidson County Circuit Court on March 16, 2016, alleging, *inter alia*, that Defendant Bell Atlantic Mobile Systems, Inc., d/b/a/ Verizon Wireless ("Verizon") "reported fraudulently to all major credit bureaus that the plaintiff had opened an account with Verizon . . ." and that "Verizon turned over this debt collection to Pinnacle Credit Services." Docket No. 1-2, p.1. Plaintiff maintains that he never opened an account or had any kind of relationship with Verizon, and that he "could not have opened an account on the alleged date of May 3rd 2010 as that was on the day of one of the greatest flood events in Nashville history." *Id*. at 2. Citing 28 U.S.C. §§ 1332, 1441, and 1446, both Defendants joined to remove

the case to this Court on April 18, 2016. Docket No. 1. Plaintiff moved to remand to state court (Docket No. 4), and that Motion was ultimately denied (Docket No. 29).

### B. Plaintiff's Complaint

In his Complaint, Plaintiff maintains:

> On 10/1/2013, defendant Verizon reported fraudulently to all major credit bureaus that the plaintiff had opened an account with Verizon on May 3rd 2010. At this time Verizon turned over this debt collection to Pinnacle Credit Services. This wrongful, tortuous [*sic*] act has negatively affected plaintiff's ability to live a normal life.
>
> The plaintiff has never opened any account or had any kind of business relationship with Verizon and could not have opened an account on the alleged date of May 3rd 2010 as that was on the day of one of the greatest flood events in Nashville history.
>
> Defendants made no attempt to contact the plaintiff to let him know he owed money or to let him know his credit was going to be negatively affected.
>
> Defendant's acts and omissions as aforesaid were fraudulent. Defendant knew that they had no authority to turn the plaintiff over to any collections agency and that they made no attempt to inform the plaintiff of any delinquent.
>
> Once made aware of any claims of this supposed debt, Plaintiff has represented both verbally and in writing to the defendant claims of fraudulent reporting. Defendant has refused to provide details of where or what account, service or product was fraudulently purchase [*sic*] in the Plaintiff's name and the Defendants have failed and refused to give any details. Defendants have called, written and continue to attempt to collect these fraudulent debts.
>
> At the time the wrongful, fraudulent, defamatory, and tortuous acts and omissions described herein occurred, defendant knew their representations to be untrue and knew that same would damage plaintiff and damage his reputation and credit scores. Defendant's wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions were intended to injure plaintiff.

> Plaintiff made all attempts to contact both Verizon and Pinnacle and offered any requested details to attempt to absolve any notion of his involvement in the fraudulent transaction once he was made aware.
>
> As a direct and proximate result of defendant's wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions, plaintiff has been damaged in the amount of approximately $500,000.00, and additional damages are accruing on a daily basis as defendant continues their wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions. Further, plaintiff's reputation has been and continues to be damaged and as a consequence he has suffered and continues to suffer humiliation, embarrassment, and other mental damage and is unable to get any kind of loan due to his damaged credit.

Docket No. 1-2, p. 1-3 (paragraph numbering omitted).

### **C. Verizon's Motion to Dismiss**

The crux of Verizon's argument is that "Plaintiff's Complaint is so fraught with factual inadequacies that it leaves Defendant to guess as [*sic*] potential causes of action." Docket No. 43, p. 8. Verizon argues that "Plaintiff's Complaint does not contain enough facts to determine what claims are being brought, what actions or omissions Plaintiff considers relevant to each claim, or which defendant allegedly performed the action or omissions contemplated in the Complaint." *Id*. at 6.

With regard to Plaintiff's allegations of fraudulent acts (or omissions), Verizon argues that Plaintiff has failed to identify any material fact that was misrepresented by any party or identify a specific party that made a misrepresentation, and has not alleged with particularity which statements were fraudulent, when such statements were made, or to whom. *Id*. at 6-7. Verizon argues that Plaintiff has failed to comply with the Federal Rules of Civil Procedure, which require that fraud be pled with particularity. *Id*. Further, Verizon contends that "Plaintiff presents no evidence that Verizon knew or should have known that facts reported to the credit

3

bureaus on October 1, 2013 were a misrepresentation or false." *Id*. at 9. Verizon maintains that Plaintiff's own statements and beliefs that he could not have opened a Verizon account on May 3, 2010 because Nashville experienced a severe flood that day are not sufficient to allege fraud. *Id*. at 10. Verizon contends that despite the severity of the flood, "the flood did not shut down the entire city, and multiple Verizon stores remained open." *Id*.

Verizon also contends that "Plaintiff implies, without ever specifically stating, that Defendants used unfair or deceptive practices in violation of Tenn. Code Ann. §47-18-101 et seq. by turning the delinquent account over to collections and by contacting Defendant to collect such monies" and that "Plaintiff implies, without directly stating, that Defendant violated the Federal Debts Collection Practices Act by turning the delinquent account over to collections without proper notice and by contacting Defendant to collect such monies." *Id*. at 7. Verizon argues that Plaintiff does not plead these claims with the particularity or reference to statute required by the Tennessee Rules of Civil Procedure. *Id*. Further, Verizon argues that Plaintiff has not referenced "any facts supporting the claim [Verizon] engaged in deceptive or unfair practices or actions" as required by Fed. R. Civ. P. 9(b). *Id*.

Additionally, Verizon contends that "Plaintiff's claims are barred by the applicable Tennessee statute of limitations." *Id*. at 8. Verizon argues that to the extent Plaintiff intended to state a claim for libel or slander, the statutory periods have expired as of October 1, 2014 and April 1, 2014, respectively. *Id*. Similarly, Verizon argues that the statutory periods for any potential claim that Plaintiff had under the T.C.P.A. or the Federal Debts Collection Practices Act have also run. *Id*. at 8-9.

For the reasons discussed below, the undersigned recommends that Verizon's Motion to Dismiss (Docket No. 42) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

## II. LAW AND ANALYSIS

### A. Fed. R. Civ. P. 8(a) and 8(d)(1)

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(d)(1) requires that each allegation be "simple, concise, and direct." A claim that "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits" violates Rule 8. *Harrell v. Dirs. Of Bur. Of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975).

### B. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Id*. The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that pleads facts "'merely consistent with' defendant's liability . . .

'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted)).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678. "The Plaintiff's failure to respond to the Defendant's motion to dismiss does not alter the standard of review, nor does it allow for dismissal without undertaking such review." *Powers v. U.S. Bank, N.A.*, No. 3:13-cv-01334, 2014 U.S. Dist. LEXIS 91813 (M.D. Tenn. July 7, 2014) at *2, *citing Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991).

## C. The Case at Bar

As discussed above, Plaintiff alleges that on October 1, 2013, Verizon fraudulently reported to "all major credit bureaus" that Plaintiff had opened an account with Verizon, which Plaintiff denies having done. Docket No. 1-2. Plaintiff argues that he could not have opened an

6

account with Verizon on May 3, 2010, because that was the day that Nashville experienced a severe flood. *Id*. at 2.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**1. Fraud**

Under the Federal Rules of Civil Procedure, a plaintiff must state with "particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this requirement, the plaintiff must allege "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Wall v. Mich. Rental*, No. 16-1988, 2017 U.S. App. LEXIS 4432, at *7, (6th Cir. March 6, 2017), *citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (internal quotation marks omitted).

Plaintiff alleges some facts that arguably could satisfy the first factor by alleging that "[o]n 10/1/2013, defendant Verizon reported fraudulently to all major credit bureaus that the plaintiff had opened an account with Verizon on May 3rd 2010." Docket No. 1-2, p. 1. Regarding the fourth factor, Plaintiff does allege that he has been damaged as a consequence: "plaintiff's reputation has been and continues to be damaged and as a consequence he has suffered and continues to suffer humiliation, embarrassment, and other mental damage and is unable to get any kind of loan due to his damaged credit." *Id*. at 3. Regarding the second and third factors, however, Plaintiff has not satisfied the pleading requirements regarding the alleged

7

fraudulent scheme or Verizon's allegedly fraudulent intent. *See id.* at 1-3. Although Plaintiff alleges that "defendant knew their representations to be untrue and knew that same would damage plaintiff and damage his reputation and credit scores" and that "Defendant's wrongful, defamatory, fraudulent, and tortuous [*sic*] acts and omissions were intended to injure plaintiff," Plaintiff has not alleged sufficient facts to support these conclusory statements. Thus, Plaintiff has not pled fraud with sufficient particularity to sustain a claim, and this claim should be dismissed.

**2. Defamation**

Plaintiff's Complaint refers to defamatory acts and omissions by one or both Defendants.[1] *See* Docket No. 1-2. To the extent that Plaintiff intends a claim for slander, such actions must be "commenced within six (6) months after the words are uttered." Tenn. Code Ann. § 28-3-103 (1980). Plaintiff's Complaint refers to Verizon's actions in reporting about Plaintiff to credit bureaus and handing Plaintiff's alleged debt over to collections on October 1, 2013. Docket No. 1-2, p. 1. Plaintiff filed his Complaint in Davidson County Circuit Court on March 16, 2016. *Id.* Thus, the statutory period has expired on any potential claim for slander.

To the extent that Plaintiff intends a claim for libel, an action for libel must be "commenced within one (1) year after the cause of action accrued." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994); Tenn. Code Ann. § 28-3-104 (2000). As discussed above, it appears that the conduct of which Plaintiff complains took place on October 1, 2013, more than one year before Plaintiff filed his Complaint. Docket No. 1-2, p. 1.

---

[1] Throughout his Complaint, Plaintiff refers to singular and plural defendants interchangeably and, for the most part, without using either Defendant's name. *See* Docket No. 1-2. It is therefore difficult or impossible to determine which Defendant Plaintiff claims is responsible for any particular claim.

Notably, "[i]n cases such as the one at bar, where the alleged libel is contained within documents not available to the general public, the statute of limitations begins to run when the plaintiff knew, or with reasonable diligence could have discovered, that he had been defamed." *Watson v. Fogolin*, No. M2009-00327-COA-R3-CV, 2010 Tenn. App. LEXIS 250 at *12; 2010 WL 1293797 (Tenn. App. 2009). In the case at bar, Plaintiff does not allege that he discovered Verizon's allegedly defamatory statements within one year of his filing date, March 16, 2016. *See* Docket No. 1-2. Thus, as Plaintiff filed his Complaint more than one year after Verizon's statements were made, and Plaintiff has not alleged sufficient facts that would toll the statutory period, the statutory period has expired on any potential claim for libel.

### 3. Other Potential Claims

As discussed above, Plaintiff refers to acts or omissions by one or both Defendants that are not only fraudulent and defamatory, but also wrongful and [tortious]; however, Plaintiff does not specify particular causes of action, particular Defendants, or plead sufficient facts to enable the undersigned to determine that Plaintiff has pled claims upon which relief can be granted with regard to any alleged wrongful or tortious conduct by Verizon. *See* Docket No. 1-2. Although a pro se litigant is entitled to a certain degree of leniency, "a Court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Payne v. Sec'y of Treas.*, 73 F.App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her." Therefore, the undersigned will not engage in speculation as to further claims that Plaintiff may have intended.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Verizon's Motion to Dismiss (Docket No. 42) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge